Cite as 2026 Ark. 107

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE ARKANSAS SUPREME COURT COMMITTEE ON CIVIL PRACTICE – RECOMMENDATIONS TO AMEND RULES 3(F); 4(A); AND 6(B) OF THE ARKANSAS RULES OF APPELLATE PROCEDURE - CIVIL | **Opinion Delivered:** June 4, 2026 |

**PER CURIAM**

The Arkansas Supreme Court's Committee on Civil Practice submitted this recommendation for changes to Rules 3(f); 4(a); and 6(b) of the Arkansas Rules of Appellate Procedure - Civil. *See In re Ark. Sup. Ct. Comm. on Civ. Prac. – Recommendations to Amend Rules 3(f); 4(a); and 6(b) of the Ark. Rules of App. P.*, 2026 Ark. 64 (per curiam). It was published for comment, and we adopt the changes, effective as of the date of this per curiam. The amendments are shown in "line-in, line-out" form.

We thank the Committee members for their work on this project.


**Rule 3. Appeal — How Taken**

(a) *Mode of obtaining review.* The mode of bringing a judgment or order to the Supreme Court or Court of Appeals for review shall be by appeal. An appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment. An appeal from an order disposing of a post-judgment motion under

Rule 4(b)(1) brings up for review the judgment and any intermediate order involving the merits and necessarily affecting the judgment, as well as the order appealed from.

★★★

(e) *Content of notice of appeal or cross-appeal.* A notice of appeal or cross-appeal shall:

> (i) specify the party or parties taking the appeal;

> (ii) designate the judgment, decree, order or part thereof appealed from;

> (iii) designate the contents of the record on appeal;

> (iv) state that the appellant has ordered the transcript, or specific portions thereof, if oral testimony or proceedings are designated, and has made any financial arrangements required by the court reporter pursuant to Ark. Code Ann. § 16-13-510 (c);

> (v) state whether the appeal is to the Court of Appeals or to the Supreme Court; and if to the Supreme Court, the appellant shall designate the applicable subdivision of Arkansas Supreme Court and Court of Appeals Rule 1-2(a), which gives the Supreme Court jurisdiction. This declaration shall be for the purpose of placing the case with one court or the other for preliminary administration. It shall not preclude the appellant from filing his or her brief pursuant to Arkansas Supreme Court and Court of Appeals Rules 4-3 and 4-4 in the alternative court if that is later determined by the appellant to be appropriate; and

> (vi) state that the appealing party abandons any pending but unresolved claim. This abandonment shall operate as a dismissal with prejudice effective on the date that the otherwise final order or judgment appealed from was entered. An appealing party shall not be obligated to make this statement if the party is appealing an interlocutory order under Arkansas Rule of Appellate Procedure–Civil 2(a)(2) to (a)(13), Arkansas Rule of Appellate Procedure–Civil 2(c), or Arkansas Supreme Court and Court of Appeals Rule 6-9(a), or is appealing a partial judgment certified as final pursuant to Arkansas Rule of Civil Procedure 54(b).

(f) *Service of notice of appeal or cross-appeal.* A copy of the notice of appeal or cross-appeal shall be served ~~by counsel for appellant or cross-appellant~~ upon ~~counsel for~~ all other parties~~.~~ ~~by any form of mail which requires a signed receipt.~~ If a party is not represented by counsel, notice shall be mailed to such party at his last known address. Failure to serve notice shall not affect the validity of the appeal.

**Addition to Reporter's Notes, 2026 Amendment:** Subsection (f) is amended to delete the requirement for service on attorneys in a form requiring a signed receipt. The

requirement was a useful tool for calculating when the time began to run for designating additional parts of the record to be included in the record on appeal when the appellant designated less than the entire record but is no longer needed with the advent of electronic filing. *See* Ark. R. App. P.–Civ. 6(b). Rule 6(b) is also amended to trigger that time by the filing of the notice of appeal rather than its receipt.

## Rule 4. Appeal — When Taken.

(a) *Time for filing notice of appeal*. Except as otherwise provided in subdivisions (b) and (c) of this rule, a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from. A notice of cross-appeal shall be filed within ten (10) days after ~~receipt~~ filing of the notice of appeal, except that in no event shall a cross-appellant have less than thirty (30) days from the entry of the judgment, decree or order within which to file a notice of cross-appeal. A notice of appeal filed after the circuit court announces a decision but before the entry of the judgment, decree, or order shall be treated as filed on the day after the judgment, decree, or order is entered.

**Addition to Reporter's Note, 2026 Amendment.** Subsection (b)'s amendment is consistent with the amendment to Ark. R. App. P.–Civ. 3(f) removing the requirement to serve the notice of appeal in a manner requiring a signed receipt. The time for filing a notice of cross-appeal now begins to run upon the filing of the notice of appeal rather than its receipt.

## Rule 6. Record on Appeal.

(a) *Composition of record*. The record shall be compiled in accordance with the rules of the Arkansas Supreme Court and Court of Appeals.

(b) *Transcript of proceedings*. On or before filing the notice of appeal, the appellant shall order from the reporter a transcript of such parts of the proceedings as he has designated in the notice of appeal and make any financial arrangements required by the court reporter pursuant to Ark. Code Ann. § 16-13-510(c). If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or contrary thereto, he shall include in the record a transcript of all evidence relevant to such finding or conclusion. If the appellant has designated less than the entire record or proceedings, the appellee, if he deems a transcript of other parts of the proceedings to be necessary, shall, within ten (10) days after the ~~receipt~~ filing of the notice of appeal, file and serve upon the appellant (and upon the court reporter if additional testimony is designated) a designation of the additional parts to be included. The appellant shall then direct the reporter to include in the transcript all testimony designated by appellee.

**Addition to Reporter's Note, 2025 Amendment.** Subsection (b)'s amendment is consistent with the amendment to Ark. R. App. P.–Civ. 3(f) removing the requirement to serve the notice of appeal in a manner requiring a signed receipt. The time for designating additional parts of the record on appeal when the appellant designates less than the entire record now begins to run upon the filing of the notice of appeal rather than its receipt.

WEBB, J., not participating.